IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. GUTIERREZ,<br><br>  Plaintiff,<br><br>  vs.<br><br>CHIEF E. FLORES, et al.,<br><br>  Defendants. | No. C 07-3834 RMW (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

    Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of the Santa Clara County Jail. On September 20, 2007, plaintiff filed an amended complaint, which supersedes the original complaint. The court will order service of the amended complaint on the named defendants

**DISCUSSION**

A.    Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901

1  F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

Plaintiff alleges that during his incarceration at the Santa Clara County Jail facility, jail medical and correctional staff did not adequately respond to his requests for treatment of his back pain. He alleges that he underwent two spinal cord surgeries in 2005 and was subsequently taking a wide variety of medication for his condition. He further alleges that while he was at the Jail in January 2007, he was experiencing pain in his back and requested treatment from Jail officials. According to plaintiff, they delayed providing him with any medical treatment, subsequently mishandled him when they transported him to a medical facility, which exacerbated the pain and caused further damage to his back, and failed to bring him to a hospital.

Liberally construed, plaintiff has stated a cognizable claim that defendants demonstrated deliberate indifference to his serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The court will order service of the amended complaint.

**CONCLUSION**

1.   The clerk of the court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the September 20, 2007 Amended Complaint, all attachments thereto, and a copy of this order upon: **Chief Edward Flores, Captain D. Sepulveda, Correctional Officer Borish, Correctional Officer Trobovich, Correctional Officer Armenta. Correctional Sergeant Simonson, Correctional Officer Dominguez, Correctional Officer S. Johnson, Sergeant Monach, Correctional Officer Romero, Dr. Lukeridge, and Dr. Gotapottie** at the **Santa Clara County Jail** in **San Jose, California.**[1] The

---

[1] Plaintiff also names other defendants whom he identifies either only by their first name or as Jane or John Doe. These defendants cannot be served until and unless plaintiff provides their

1  clerk shall also mail a courtesy copy of this order and the September 20, 2007 Amended

2  Complaint, with all attachments thereto, to the **Santa Clara County Counsel's Office**.

3      2.    No later than **ninety (90) days** from the date of this order, defendant shall file a

4  motion for summary judgment or other dispositive motion with respect to the claim in the

5  complaint as set forth above.

6          a.    If defendant elects to file a motion to dismiss on the grounds that plaintiff

7  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

8  defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315

9  F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

10         b.    Any motion for summary judgment shall be supported by adequate factual

11 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

12 Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified**

13 **immunity found, if material facts are in dispute. If any defendant is of the opinion that this**

14 **case cannot be resolved by summary judgment, he shall so inform the court prior to the**

15 **date the summary judgment motion is due.**

16     3.    Plaintiff's opposition to the dispositive motion shall be filed with the court and

17 served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

18         a.    In the event defendant files an unenumerated motion to dismiss under

19 Rule 12(b), plaintiff is hereby cautioned as follows:[2]

20     The defendants have made a motion to dismiss pursuant to Rule 12(b) of
the Federal Rules of Civil Procedure, on the ground you have not exhausted your
21 administrative remedies. The motion will, if granted, result in the dismissal of
your case. When a party you are suing makes a motion to dismiss for failure to
22 exhaust, and that motion is properly supported by declarations (or other sworn
testimony) and/or documents, you may not simply rely on what your complaint
23 says. Instead, you must set out specific facts in declarations, depositions, answers
to interrogatories, or documents, that contradict the facts shown in the defendant's
24 declarations and documents and show that you have in fact exhausted your
claims. If you do not submit your own evidence in opposition, the motion to

---

26 full name and current location.

27   [2]The following notice is adapted from the summary judgment notice to be given to pro se
28 prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See
Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Rmw\CR.07\Gutierrez834srv.wpd    3

1 dismiss, if appropriate, may be granted and the case dismissed.

2       b.    In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4.    Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6.    All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Rmw\CR.07\Gutierrez834srv.wpd    4

1       7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
2   No further court order is required before the parties may conduct discovery.
3       8.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
4   and all parties informed of any change of address and must comply with the court's orders in a
5   timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
6   pursuant to Federal Rule of Civil Procedure 41(b).
7       IT IS SO ORDERED.
8   DATED: 2/22/2008   *Ronald M. Whyte*
        RONALD M. WHYTE
9       United States District Judge

1

2  This is to certify that on _____2/25/2008_____, a copy of this ruling was
   mailed to the following:

3

4  Richard G. Gutierrez
   CNS 503
   Santa Clara County Jail
5  885 N. San Pedro Street
   San Jose, CA 95110

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Rmw\CR.07\Gutierrez834srv.wpd      6