1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   MARK F. BERNAL, Deputy County Counsel (S.B. #173923)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding, East Wing, 9th Floor
3  San Jose, California 95110-1770
   Telephone: (408) 299-5900
4  Facsimile: (408) 292-7240

5  Attorneys for Defendants
   EDWARD FLORES, DAVID SEPULVEDA,
6  OFFICER TRBOVICH, OFFICER
   ARMENTA, OFFICER SIMONSON,
7  OFFICER S. JOHNSON, OFFICER
   DOMINGUEZ, OFFICER MONACK, DR.
8  LUKRICH, DR. GADDIPATIE

9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13  RICHARD GUTIERREZ              )   No.  C07-3834 RMW (PR)
                                   )
14        Plaintiff,                )   DEFENDANTS' MEMORANDUM OF
                                   )   POINTS AND AUTHORITIES IN
15  v.                              )   SUPPORT OF UNENUMERATED RULE
                                   )   12(b) MOTION TO DISMISS
16  CHIEF E. FLORES, CAPTAIN D.    )   COMPLAINT FOR FAILURE TO
    SEPULVEDA c/o BORISH, ROMERO,  )   EXHAUST AVAILABLE
17  DOMINGEZ c/o TROBOVICH,        )   ADMINISTRATIVE REMEDIES
    ARMENTA, S. JOHNSON, R/N CAROL,)   [42 U.S.C. § 1997e(a)]
18  MOLLY CHONG, CARRIE, LINDA,    )
    NURSE CONNIE, RUBY, RUDY, TOM, )   Date: No Hearing Date
19  MEME, ELIZABETH, ANNABELL,     )   Judge: Honorable Ronald M. Whyte
    DOCS, LUKERIDGE                )
20                                 )
          Defendants.              )
21  _____)

22                                 I.

23                            INTRODUCTION

24        This Court issued an Order of Service on February 22, 2008, instructing Defendants to file

25  an unenmurated 12(b) motion should Defendants contend that Plaintiff failed to exhaust his

26  administrative remedies. Plaintiff has, in fact, failed to exhaust the administrative remedies

27  made available to him by the County of Santa Clara's Department of Correction, thus his

28  Complaint must be dismissed as to all Defendants pursuant to 42 U.S.C. § 1997e(a).

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

P&A iso Unenumerated Rule 12(b) Motion to Dismiss
for Failure to Exhaust Available Admin. Remedies   -1-            C07-3834 RMW (PR)

## II.

## PLAINTIFF'S FAILURE TO EXHAUST THE GRIEVANCE PROCEDURE

Plaintiff is an inmate of the County of Santa Clara's Department of Correction ("DOC"), and has been since August 30, 2006. (Declaration of Officer Michelle Asban ("Asban Decl."), at Ex. A.) The DOC gives each inmate a copy of its Inmate Orientation and Rule Book when they are processed for incarceration. (Asban Aff., ¶ 3.) Plaintiff received the Rule Book on August 30, 2006, and signed the following acknowledgment:

> I have received a copy of the Main Jail Men's Correctional Facility's Orientation and Rule Book. I acknowledge that I am responsible for reading, understanding and following the rule information contained in this book. If I have questions or am unsure of rule information, I understand I may ask an Officer for assistance and/or clarification.

(Asban Decl., at Ex. B.)

The Rule Book contains the DOC's Grievance Procedure, which states in pertinent part:

> You may grieve any condition of confinement over which the Department of Correction has control. You should first direct your complaint to the Officer in charge of your housing unit. If the Officer is unable to resolve the grievance, you may then complete an Inmate Grievance Form and hand it to any Officer . . .
>
> If the Officer cannot resolve the grievance it will be forwarded to a Sergeant . . . If the Sergeant cannot resolve the grievance, it will be forwarded to the Watch Commander. The Watch Commander will determine the appropriate actions to take and ensure you receive a written response.
>
> If a grievance is denied, a reason for denial will be noted on the grievance. You may appeal the decision by writing a letter to the Division Commander. The Division Commander will either affirm or reverse the decision and will give you a written response.

(Asban Aff., Ex. C (Rule Book), at pp.8 and 9.) Thus, the grievance process made available to Plaintiff is not exhausted unless and until he submits a written appeal of the final grievance decision to the Division Commander of either the Main Jail or the Elmwood Correctional Facility. The Division Commanders of those facilities are Captain David Sepulveda and Captain Toby Wong, respectively. (Declaration of Lisa Marti-Tores ("Marti-Tores Decl.") at ¶ 12; Declaration of Sonia Rivera ("Rivera Decl.") at ¶ 3.)

//

//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

P&A iso Unenumerated Rule 12(b) Motion to Dismiss
for Failure to Exhaust Available Admin. Remedies   -2-         C07-3834 RMW (PR)

Plaintiff filed his initial complaint on July 26, 2007.[1] He filed a first amended "Complaint Under the Civil Rights Act, 42 U.S.C. §§ 1983" ("FAC") on September 21, 2007. Per this Court's February 22, 2008 Order of Service, the FAC is the operative pleading.[2]

This Court correctly summarized Plaintiff's allegations as follows:

> Plaintiff alleges that during his incarceration at the Santa Clara County jail facility, jail medical and correctional staff did not adequately respond to his requests for treatment of his back pain. . . . He further alleges that while he was at the Jail in January 2007, he was experiencing pain in his back and requested treatment from Jail officials. According to plaintiff, they delayed providing his with medical treatment, subsequently mishandled him when they transported him to a medical facility, which exacerbated the pain and caused further damage to his back, and failed to bring him to a hospital.

(Order of Service entered on February 22, 2008.)

The FAC contains the following allegations regarding exhaustion of administrative remedies:

- "Any State or County prisoner is not required to exhaust administrative remedies before bringing a 42 U.S.C. §§ 1983 action civil rights complaint for monetary relief, it was said by the U.S. 9th Circuit Court of Appeals because the grievance process or appeals did not provide monetary relief. See *Rumbles v. Hill* 1999." (FAC, at p. 2A.)

- "The Plaintiff attempted to file grievance form one after the other (See *Dexter* 1979). Also see the Exhibits enclosed of grievance filed by Plaintiff each matter of grievance is now side stepped." (FAC, at p. 2B.)

- "Plaintiff exhausted available administrative remedies by calling writting [sic] Internal Affairs, grievances, Human Relations wherefore, Plaintiff prays judgment against Defendants as follows." (FAC, at p.7, ¶ 16.)

The DOC maintains all grievances submitted by inmates. The Main Jail and Elmwood facilities maintain their own files for each inmate. Plaintiff's files contain eight grievances arguably related to the conduct alleged in the FAC:

---

[1] Defendants never received a copy of the initial complaint. The initial complaint is not available on the Court's on-line docket.

[2] The FAC is identified as Document 5 on the Court's on-line docket. That document appears to contain two complaints. It is unclear to Defendants whether Document 5 contains a copy of the initial pleading and a copy of the FAC, or if Document 5 comprises the FAC in its entirety. Out of an abundance of caution, Defendants proceed with this motion based on the assumption that the entirety of Document 5 comprises the FAC.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

P&A iso Unenumerated Rule 12(b) Motion to Dismiss
for Failure to Exhaust Available Admin. Remedies   -3-                    C07-3834 RMW (PR)

- Grievance Log # 68705 (10 pages), submitted on March 17, 2007, regarding the alleged January 2007 assault. (Marti-Tores Decl. at Ex. A.);

- Grievance Log # 69079 (one page), submitted on April 18, 2007, regarding nurse's alleged refusal to concede to Plaintiff's demand for a blood/sugar level test for diabetes. (Marti-Tores Decl. at Ex. B.);

- Grievance Log # 69596 (one page), submitted on May 25, 2007, regarding correctional officer's alleged refusal to concede to Plaintiff's demand to be taken to a doctor for evaluation of back pain. (Marti-Torez Decl. at Ex. C.);

- Grievance Log # 69786 (four pages), submitted on June 23, 2007, regarding medical staff's alleged failure to provide "care," "medical correction," and "after care." (Marti-Tores Decl. at Ex. D.);

- Grievance Log # 69987 (three pages), submitted on July 4, 2007, regarding medical staff's alleged failure to provide Plaintiff with "essential medication." (Marti-Tores Decl. at Ex. E.);

- Grievance Log # 70770 (one page), submitted on September 24, 2007, regarding nurse's alleged refusal to provide Plaintiff with "essential medication." (Marti-Tores Decl. at Ex. F.);

- Grievance Log # 70799 (one page), submitted on September 24, 2007, regarding request to be transferred to Elmwood for treatment of diabetes. (Marti-Tores Decl. at Ex. G.);

- Grievance Log # 70919 (one page), submitted on October 4, 2007, regarding request to be transferred to Elmwood for "mental health programs" and treatment of diabetes. (Marti-Tores Decl. at Ex. H.);

- Grievance Log # 70914 (one page), submitted on October 8, 2007, regarding nurse's alleged failure to provide Plaintiff with "essential medication." (Marti-Tores Decl. at Ex. I.); and,

- Grievance Log # 71617 (one page), submitted on December 2, 2007, regarding demand for MRI for ongoing back pain resulting from the alleged assault by officers. (Rivera Decl., at Ex. A.)

These grievances demonstrate that Plaintiff initiated the administrative remedy procedure respecting the acts alleged in the FAC. The highest ranking officials to respond to these grievances were the on-duty Watch Commanders (i.e., Lt. Connor. Lt. Hoyt, etc.) The FAC is devoid of any allegation that Plaintiff exhausted the administrative grievance process by sending a written appeal of the grievance decisions to the Main Jail or Elmwood Division Commanders. In truth, the DOC never received any written appeal from Plaintiff to either Division Commander. (Marti-Torres Decl. ¶12; Rivera Decl., at ¶ 3.)

//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

P&A iso Unenumerated Rule 12(b) Motion to Dismiss
for Failure to Exhaust Available Admin. Remedies   -4-         C07-3834 RMW (PR)

# III.

## THIS COURT MUST DISMISS PLAINTIFF'S COMPLAINT BECAUSE HE DID NOT COMPLY WITH THE PRISON LITIGATION REFORM ACT

A motion to dismiss for failure to exhaust administrative remedies should be brought as an unenumerated Rule 12(b) motion. (*Wyatt v. Terhune* 315 F.3d 1108, 1119 (9th Cir., 2003).) In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings to make factual determinations. (*Id.*, at 1119-1120.)

Under the Prison Litigation Reform Act of 1996 (42 U.S.C. § 1997e, subd. (a), hereinafter "PLRA"), "no action may be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that Congress intended the PLRA to require an inmate to exhaust administrative remedies irrespective of relief sought and offered through administrative avenues. *Booth v. C.O. Churner*, 532 U.S. 731 (2001), *Porter v. Nussle*, 534 U.S. 516 (2002). Thus, Plaintiffs assertion that the holding in *Rumbles v. Hill,* 182 F.3d 1064 (9th Cir.1999) absolves him of the duty to exhaust his administrative remedies prior to filing suit is incorrect. (FAC, at p. 2A.) The United States Supreme Court overturned the *Rumbles* decision in *Booth v. Churner*, 532 U.S. 731 (2001), which held that a section 1983 plaintiff seeking money damages is required to exhaust administrative remedies even if money damages are unavailable through the administrative grievance process. (*Id.*, at 733-734.)

The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S., 532. If a plaintiff fails to exhaust his administrative remedies prior to filing a Section 1983 action, that action must be dismissed. *Booth,* 532 U.S. at 940.

The PLRA applies to Plaintiff because the term "prisoner," as used in section 1997e(a), is defined to mean "any person incarcerated or detained in any facility who is accused of,

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

P&A iso Unenumerated Rule 12(b) Motion to Dismiss
for Failure to Exhaust Available Admin. Remedies   -5-   C07-3834 RMW (PR)

convicted of, sentenced for, or adjudicated delinquent for, violation of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

The administrative remedy made available to Plaintiff includes the process of submitting a written appeal of any grievance to the Division Commander. (Asban Aff., Ex. A, p.8) Here, Plaintiff brings suit based on events that began in January 2007. (FAC, *passim*.) Captain Sepulveda is, and was in January 2007, the Main Jail Division Commander, and Captain Wong is, and was in January 2007, the Elmwood Correctional Facility Division Commander.

On its face, the FAC demonstrates that Plaintiff never sent an appeal letter to either Captain Sepulveda or Captain Wong – he alternately alleges that he is not required to exhaust his administrative remedy (FAC, at p. 2A) and that he submitted grievances and made calls to and wrote to "Internal Affairs" and "Human Relations." (FAC, at p. 2B and p. p.7, ¶ 16.) There is no allegation of a written appeal to either Division Commander, a prerequisite to exhausting the available administrative remedy.

Although some of Plaintiff's grievances made their way up the chain to the Watch Commander (e.g., Lt. Connor, Lt. Hoyt, etc.), Plaintiff did not send any written appeals to Captain Sepulveda or Captain Wong to appeal his grievances. Accordingly, Plaintiff did not exhaust "such administrative remedies as are available" to him. Since Plaintiff failed to exhaust his administrative remedies, this case must be dismissed as to all defendants in accordance with 42 U.S.C. § 1997e(a).

Dated: May 14, 2008

Respectfully submitted,
ANN MILLER RAVEL
County Counsel

By: _____/S/_____
MARK F. BERNAL
Deputy County Counsel
Attorneys for Defendants
EDWARD FLORES, DAVID SEPULVEDA, OFFICER TRBOVICH, OFFICER ARMENTA, OFFICER SIMONSON, OFFICER S. JOHNSON, OFFICER DOMINGUEZ, OFFICER MONACK, DR. LUKRICH, DR. GADDIPATIE

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

P&A iso Unenumerated Rule 12(b) Motion to Dismiss
for Failure to Exhaust Available Admin. Remedies   -6-            C07-3834 RMW (PR)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PROOF OF SERVICE BY MAIL

*Richard Gutierrez v. Chief E. Flores, et al.*                         C07-3834 RMW (PR)

I, Catherine M. Grijalva, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of the **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNENUMERATED RULE 12(b) MOTION TO DISMISS COMPLAINT FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES [42 U.S.C. § 1997e(a)]** by placing said copy in an envelope addressed to:

Richard Gutierrez
CNS 503
Santa Clara County Jail
885 N. San Pedro St.
San Jose, CA. 95110

which envelope was then sealed, with postage fully prepaid thereon, on **May 14, 2008,** and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **May 14, 2008,** at San Jose, California.

_____
Catherine M. Grijalva