§114.70 <u>Complaint for Damages for Deprivation of Rights Under Color of State Law Pursuant to 42 U.S.C. § 1983 - Cruel and Unusual Punishment of Prisoner by Use of Excessive Force</u>

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

RICHARD G. GUTIERREZ,  ) NO. C07-3834 RMW (PR)
Plaintiff,              )
vs.                     ) COMPLAINT FOR
TRASPORTATION           ) DAMAGES
CORRECTION              ) (42 U.S.C. § 1983)
OFFICER                 )
BADGE # 2225            )
Mr. MARIANI,            )
CORRECTION OFFICER Mr. DEVINE )
Defendants              )

**FILED**
JUL 10 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

DEMAND FOR JURY TRIAL

Plaintiff alleges:

1. This is an action brought under 42 U.S.C. § 1983 to recover damages against defendant for violation of Plaintiff's right to be free of cruel and unusual punishment,

COMPLAINT                (A-I)

CN 3503

Gutierrez, Richard Gilbert            Sex:M        BD:06/14/1970        MR#:31499921

**CT Pelvis w Contrast**

Oct 22, 2006 21:23

```
*  *  *   Final Report   *  *  *
Procedure:      CT ABDOMEN W CONTRAST(4160)   Date: Oct 22 2006   9:23PM
History as provided on order: RLQ PAIN   APPY PROTOCOLRM 14A
Procedure:      CT PELVIS W CONTRAST(2193)   Date: Oct 22 2006   9:23PM
History as provided on order: 36Y/O MALE 3DAYS OF RLQ PAINAPPY PROTOCOL
DICTATED BY: PHYLLIS YANG M.D.
ORDERED BY: BENOY THOMAS (046748)
TLK
BODY OF REPORT: COMPARISON: None.
TECHNIQUE:
Postcontrast: Helical CT acquisition performed from the level of the
diaphragm to the pubic symphysis.  Axial images of 3 mm slice thickness
obtained at 3 mm intervals.
IV Contrast: 145cc Omnipaque 240.
Oral Contrast:  Not Administered.
Rectal Contrast:  Not Administered.
Contrast reaction: None.
FINDINGS:
Lung bases:  Visualized portions are clear.
Liver: No masses. No intrahepatic biliary dilatation. No apparent fatty
change.
Gallbladder:  Unremarkable.
Pancreas: No mass. No ductal dilatation.
Spleen: No splenomegaly. No focal lesions.
Adrenals: No mass or hyperplasia.
Kidneys: Normal contour. No stones. No hydronephrosis.
Appendix: No thickening. No periappendiceal inflammatory stranding. No
appendicolith. No free fluid.
Bowel: Few scattered diverticula.
Aorta: No significant atherosclerosis.
IVC: Unremarkable.
Bony Structures: Bilateral pedicle screws at L5-S1 with fusion of the
vertebral bodies, may be related to pars defect.
Lymph Nodes: Small gastrohepatic lymph nodes.
CONCLUSION:
1. No evidence for acute appendicitis.
2. Few scattered diverticula.
3. Surgical hardware in the spine.
```

## 114.70.1 Cruel and Unusual Punishment of Prisoner by Use of Excessive Force (Cont'ed)

1. guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff, Richard G. Gutierrez, is, and at all times mentioned in this complaint was, a citizen of the United States, and a prisoner, in the custody of the Calif. Dept. of Corrections, at Santa Clara County Dept. of Correct., in Calif.

4. Defendant Transportation Correctional Officer Badge # 2225 Mr. MARIANI is, and at all times mentioned in this complaint was, a resident Santa Clara County, California. Venue is therefore proper under 28 U.S.C. § 1391(b).

5. A substantial part of the events giving rise to this action occurred in Santa Clara County, Calif. Venue is therefore proper under 28 U.S.C. § 1391(b)

Complaint                    (A-II)

## § 114.70.1 Cruel and Unusual Punishment of Prisoner by Use of Excessive Force (cont-ed)

6. Defendant was at all times mentioned in this complaint, an agent of the State of California, employed as a Correctional officer at Santa Clara Dept. of Corrections.

7. Defendant was, at all times mentioned in this complaint, acting in the course and scope of his employment as a Correctional officer at Santa Clara County Dept. of Corrections.

8. Defendant was, at all times mentioned in this complaint, acting under color of State law.

9. Defendant is sued in his individual capacity.

10. The facts concerning the infliction of Cruel and Unusual Punishment on Richard Gutierrez the Plaintiff. The Acts of Excessive force, are as follows. On January 27th 2007 Transportation Correctional officer Badge #2225 Mr. MARIANI came into the Main Medical Bldg. Located at Elmwood Dept. of Correct. 701 South Able St. Milpitas, Calif. 95035

114.70.1 <u>Cruel and Unusal Punishment of Prisoner by</u>
<u>Use of Excessive Force   (cont'ed)</u>

10.  At 3:30 Am T.R.O. Badge #2225 MARIANI Placed Waist chains And Leg Shackels ON Plaintiff Richard Gutierrez while he was Lying on a hospital gurney in the treatment room. I advised All Staff I could Not walk because of the Four Pedicle Screws and bone Plug IN My SPINE were bothering me because of the rain and cold And left Superior Screw is touching the Siatic Nerve.

I was Placed in A Wheel Chair and transported to the Main Medical Bldg. from M-4-B-15 POD At 10PM oN 1-26-07 5 hours earlier because I was in excruciating Pain.

The Wheel chair was in the bldg. But was Not used because Transportation officer Badg #2225 MARIANI said "Your gana walk, you are cleared to go to the INFIRMARY." There were Five Correctional officers At the Main Medical Bldg. At 3:30 Am officer Mr. Romero, Correctional officer MARIANI,

Complaint                (A-IV)

114.70.1 <u>Cruel and Unusal Punishment of Prisoner by Use of Excessive Force (Cont'ed)</u>

10. Correction Officer DEVINE and two c/o John Does wich were not Assigned to Medical Bldg. only two are Assigned to the Nurses Station. and Six Medical Registerd Nurses R/N Mike, R/N ARNOLD, R/N NEDA, and R/N Jane Doe 1-3 At 3:30AM Transportation Officer Badge #2225 Mr. MARIANI Picked me up from the hospital gurney in the Treatment room. I couldn't stand up on my own. I fell onto the Correctional Officer Mr. Devine that was behind me and sliced my Right (Bicep) Arm on Correctional Officer Mr. DEVINE's Name badge on his Right breast.

The Defendants c/o DEVINE, c/o MARIANI, c/o John Doe kicked me up off the floor and continued to drag me about 150' Feet. Officer MARIANI grabed the waist chain behind my back. While officer Mr. DEVINE grabed my right arm and c/o Jon Doe #2 grabed my left. While Correctional officer Mr. Romeo watched and c/o Jon Doe Driver Number #1 was outside with the Sheriffs Transportation VAN with

Complaint                    (A-I)

## 114.70.1 Cruel and Unusal Punishment of Prisoner By Use of Excessive Force (Cont'ed)

10. ...the Right Side door open as well as the (Cell) cage in the Van door open. The Correctional Officers DEVINE, JON DOE #2, Officer MARIANI draged me from behind and slammed my back into the Sheriff Metal Floor Board and Right Side Steps.

Then continued to Place me in the Vans cage by throwing me head first into the rear of the cage upon hitting my head on the steel cage Then Transportation Officer Badge # 2225 MARIANI twisted my legs as well as my back to Lock the cage.

All the while registerd Nurses Mc. ARNOLD and R/N MIKE watched from ten feet away. Registerd NURSES Mc. ARNOLD And Registerd Nurse Mr. MIKE will Testify in my Behalf to the these Facts. of use of Excessive Force. Reckless And CARELESS DISREGAURD AND INDIFFERENCE TO INMATES RIGHTS AND SAFTEY AND CRUEL AND UNUSAL

Complaint                    (A-VI)

114.70 1 Cruel and Unusual Punishment of Prisoner By Uses of Excessive Force

10. PUNISHMENT AlSO INADEQUATE MEDICAL CARE. See Medical File MRI For Character Wittness on my Behalf I would Like to CALL Correction Officer D. RIVERA Correctional Officer Mr. Joe HERNANDEZ, C/O JULEO ALVEREZ C/O Ms. Machado, C/O KEVIN PRICE # 1619, Correction Officer Ms. BOYD, C/O Mr. BOB BURNS Correctional officer DURAN Correctional Officer Mr. GILBERT D-Team

11. IN acting as alleged in this complaint, defendant Subjected Plaintiff Mr. Richard G. Gutierrez to UNNECESSARY and Wanton INFLICTION of Physical INjury, PaiN, and emotional distress.

12. IN acting as alleged in this complaint, defendant Violated Plaintiff's right to be free of cruel and UNusual PuNishment, guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

13. As a direct and Proximate result of

114.70.1 Cruel and Unusual Punishment of Prisoner by Use of Excessive Force

13. defendant's actions, described in this complaint, Plaintiff has suffered injury, pain, and emotional distress in that the Plaintiffs Back, has damaged disks, Nerve damage, Plaintiff experiences Sharp, Sore, Back Spasams Excruciating Horrendous Back Aches, Intense Pain Difficulties in Sleeping, Standing, Sitting Walking Working, Holding, Lifting emotional distress as in Hopelessness Depertion, Fatigue, anxiety, worried by the defendant result of Cruel and Unusual Punishment. See Medical File

14. In acting as is alleged in this complaint, defendant acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiff's federally protected rights.

15. Plaintiff exhausted ALL available administrative remedies. See Rumbel v. Hill Heck v. Humphrey (1994); Felder v. Casey (1988) Patsy v. Board of Regents (1981) Grivance, Notice to Watch commander, Chief of Corrt. Board of Corrections, Human Relations, Int. Affirs.

114.70.1 Cruel and Unusual Punishment of Prisoner by use of Excessive Force

15. WHEREFORE, Plaintiff Prays Judgment against defendant as follows:

1. For Compensatory damages, in an amount to be determined according to Proof at trial;
2. For Punitive damages, in an amount to be determind according to Proof at trial.
3. For reasonable attorney's Fees, Pursuant to 42 U.S.C. §1988;
4. For costs of Suit incurred in this action; and
5. For Such other and further relief as the Court deems Proper.

July 7, 2008

Respectfully Submitted

DEMAND FOR JURY TRIAL

Plaintiff Richard G. Gutierrez hereby demands a jury trial.

By: *Richard H. Gutierrez*

Complaint            (A- IX)