***E-FILED - 12/18/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. GUTIERREZ,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CHIEF E. FLORES, et al.,<br><br>　　　　　Defendants. | No. C 07-3834 RMW (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO SUPPRESS; GRANTING MOTION TO SEAL<br><br>(Docket No. 35) |

　　　Plaintiff, a California prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, against officials and employees of the Santa Clara County Jail ("SCCJ"), where plaintiff was formerly housed. On September 20, 2007, plaintiff filed an amended complaint superseding the original complaint. The court found that the amended complaint, when liberally construed, stated cognizable claims for relief, and ordered service upon defendants. Defendants have filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff failed to exhaust administrative remedies. On June 11, 2008, plaintiff filed a document entitled "Exhausted Administrative Remedies."[1] Defendants did not file a

---

[1] Although this document was not signed or served on defendants, the court has nevertheless construes, and hereinafter refers to, it as plaintiff's "opposition" to the motion to dismiss.

reply.  For the reasons explained below, the motion to dismiss is GRANTED and the instant action is DISMISSED without prejudice.

### BACKGROUND

Plaintiff alleges that during his incarceration at the SCCJ, medical and correctional staff did not adequately respond to his requests for treatment of his back pain.  He alleges that he underwent two spinal cord surgeries in 2005 and was subsequently taking a wide variety of medication for his condition.  He further alleges that while he was at the SCCJ in January 2007, he was experiencing pain in his back and requested treatment from SCCJ officials.  According to plaintiff, they delayed providing him with any medical treatment, subsequently mishandled him, causing more pain and damage to his back, and failed to bring him to a hospital.

### DISCUSSION

A.  Standard of Review

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment.  Id.  In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.[2]  If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice.  Id. at 1120.

B.  Analysis

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42

---

[2] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record.  Wyatt, 315 F.3d at 1120 n.14.  Plaintiff was given such notice in the order of service.

1  U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or
2  other correctional facility until such administrative remedies as are available are
3  exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the discretion
4  of the district court.  <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2382 (2006) (citing <u>Booth v.
5  Churner</u>, 532 U.S. 731, 739 (2001)).  Exhaustion is a prerequisite to all prisoner lawsuits
6  concerning prison life, whether such actions involve general conditions or particular
7  episodes, whether they allege excessive force or some other wrong, and even if they seek
8  relief not available in grievance proceedings, such as  money damages.  <u>Porter v. Nussle</u>,
9  122 S. Ct. 983, 988, 992 (2002).

10       Section 1073 of Title 15 of the California Code of Regulations provides county jail
11  inmates with a right to "appeal and have resolved grievances" relating to their
12  confinement.  Pursuant to Section 1073, Santa Clara County has established grievance
13  procedures for inmates at both facilities of the SCCJ, the Main Jail and the Elmwood
14  Correctional Facility.[3]  (<u>See</u> Asban Decl. Ex. C.)  An inmate may grieve "any condition of
15  confinement" by first raising the complaint informally with the guard in charge of the
16  inmate's housing unit.  (<u>Id.</u> at 8.)  If the complaint is not resolved, the inmate may then
17  write the complaint on an "Inmate Grievance Form" and hand it to any jail officer.  (<u>Id.</u>)
18  If the officer cannot resolve the complaint, the grievance is forwarded to a Sergeant, and
19  then, if the Sergeant cannot resolve it, to the Watch Commander, who will "ensure" a
20  written response to the inmate.  (<u>Id.</u>)  Finally, an inmate may then appeal any denial of the
21  grievance to the Division Commander of the facility where the inmate is housed.  (<u>Id.</u> at
22  8-9.)  The Division Commanders at the time of the events alleged in the complaint were
23  Captain David Sepulveda at the Main Jail, and Captain Toby Wong at the Elmwood
24  Correctional Facility.  (Marti-Torres Decl. at ¶ 12; Rivera Decl. at ¶ 3.)

25       Defendants present evidence that SCCJ officials reviewed their records of inmate
26  grievances and found a total of ten grievances filed by plaintiff related to the claims

27  ─────────────────────
28    [3]Plaintiff does not dispute that he received a copy of these procedures on August 20, 2006, as evinced by his acknowledgment of such receipt.  (Asban Decl. Ex. B.)

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Rmw\CR.07\Gutierrez834mtdexh.wpd      3

1 raised in this action. (Marti-Torres Decl. at ¶¶ 1-11 & Exs. A-I; Rivera Decl. at ¶¶ 1-2 &
2 Ex. A.) Although these grievances were presented to and denied by the Lieutenants
3 acting as Watch Commanders at the relevant times, there is no record that plaintiff
4 appealed any of these denials to the highest level of administrative review, by the
5 Division Commanders, Captain Wong or Captain Sepulveda.[4] (Marti-Torres Exs. A-I;
6 Rivera Decl. at Ex. A.)

7 Plaintiff contends in his amended complaint that he filed grievances "over and
8 over" again, but he does not point to or present evidence of any additional grievances
9 other than those described above. (See Amended Complaint at 2B.) Plaintiff also does
10 not dispute that he never appealed the denial of any of these grievances to the Division
11 Commanders. Rather, in his amended complaint, plaintiff argues that he is not obligated
12 to exhaust his administrative remedies because he is seeking monetary relief. (Id. at 2A.)
13 That argument has been rejected by the United States Supreme Court. See Woodford,
14 548 U.S. at 85-86 (citing Booth, 532 U.S. at 734). Plaintiff also asserts in his amended
15 complaint, as well as in his opposition, that he exhausted his administrative remedies by
16 "calling" or "writing" to "Internal Affairs," "human relations," the "California Board of
17 Corrections" and the "Chief of Corrections." (Amended Complaint at 7; Opposition at 2.)
18 Plaintiff has provided no documentation or proof of these calls or letters, nor has he
19 described in any way what he said in them. In any event, even assuming that these calls
20 or letters were made, and that they concerned the claims herein, they do not or satisfy the
21 exhaustion requirement of pursuing the final available administrative remedy available to
22 plaintiff, namely appealing grievances to the SCCJ Division Commanders.

23 Lastly, in his opposition, plaintiff states that he wrote a "letter" on February 1,

---

[4] The court also notes that five of these grievances were filed after the commencement of this action on July 26, 2007, and thus, even if they had been completely exhausted they would not satisfy the exhaustion requirement. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (an action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending).

2007 to "Elmwood Division Commander." (Opposition at 2.) Defendants have submitted declarations of the SCCJ officials in charge of maintaining records of correspondence to the Division Commanders who state that there is no record or any correspondence from plaintiff to the Division Commanders. (Marti-Torres Decl. at ¶ 12; Rivera Decl. at ¶ 3.) Plaintiff has submitted no documentation or other proof of the existence of such a letter, nor has he described its content or indicated whether it concerned the claims herein. In any event, even assuming plaintiff wrote such a letter, he wrote it *before* filing any of the inmate grievances at the lower levels of administrative review, by the SCCJ officers and Watch Commanders, contrary to the SCCJ's grievance procedures.[5] The PLRA's exhaustion requirement cannot be satisfied by filing a "procedurally defective administrative grievance or appeal." Woodford v. Ngo, 548 U.S. 81, 84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. As plaintiff did not follow the proper procedures of pursuing his grievances at the lower levels of administrative review prior to writing a purported letter to the Division Commander on February 1, 2007, such a letter does not "properly exhaust" his administrative remedies, as required by the PLRA.

Plaintiff was required to file a formal grievance and exhaust all administrative remedies available to him through the SCCJ grievance procedures before he could pursue his § 1983 claims in federal court. Booth, 532 U.S. at 741 n.6; accord Porter, 534 U.S. at 524. He did not do so. Nor has he shown that he should be excused from exhausting before filing suit because the Prisoner Grievance System was not available to him or because of some extraordinary circumstance. Therefore, plaintiff's action must be dismissed without prejudice. See Wyatt, 315 F.3d at 1120; see also McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice

---

[5]The first grievance filed by plaintiff was in March 2007. (Marti-Torres Decl. Ex. A.)

1 unless prisoner exhausted available administrative remedies before he filed suit, even if
2 prisoner fully exhausts while the suit is pending).[6]

## CONCLUSION

Defendants' motion to dismiss for failure to properly exhaust available administrative remedies under 42 U.S.C. § 1997e(a) before filing suit is GRANTED (Docket No. 35). The action is DISMISSED without prejudice.

The clerk shall close the file and terminate all pending motions.

IT IS SO ORDERED.

DATED: __12/17/08_____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[6]Although not granted leave to do so, plaintiff also filed two "amendments" to his complaint, on July 10, 2008 and August 11, 2008, respectively. These amendments to the complaint name additional defendants allegedly involved in the incidents alleged in the amended complaint. Neither such amendments provide any argument or indication that plaintiff has exhausted his claims. As such, they do not alter the court's conclusion reached herein..